IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIFFANY PACK, et al., | ) | 1:08cv0177 DLB |
| | ) | |
| | ) | PRETRIAL ORDER |
| | ) | |
| Plaintiffs, | ) | Settlement Conference: |
| vs. | ) | January 11, 2010, 10:30 a.m. |
| | ) | Courtroom 7 |
| FORT WASHINGTON II, et al., | ) | |
| | ) | Final Pretrial and Motions in Limine: |
| | ) | January 22, 2010 |
| | ) | |
| Defendants. | ) | Trial:   February 23, 2010 |
| _____ | ) | |

## NATURE OF THE ACTION

Plaintiffs Tiffany Pack ("Mrs. Pack-Lo") and Chengkou Lo, and their minor children, Charlie
Lo-Pack and Cameron Lo-Pack, filed the instant action under the Fair Housing Act on February 1,
2008.  Plaintiffs filed a First Amended Complaint ("FAC") on May 14, 2008, naming Fort
Washington II, dba Fort Washington II Apartments, and David S. Siegel & Co., Inc., as Defendants.
The FAC arises from allegations of discriminatory treatment towards families with children during
their tenancy at Fort Washington II Apartments.  Plaintiffs allege causes of action for (1) violation of
the Fair Housing Act; (2) violation of the California Fair Employment and Housing Act; (3) violation
of the California Unruh Civil Rights Act; (4) unfair business practices under California Business and

1

Professions Code section 17204; (5) negligence and (6) retaliatory eviction.  Plaintiffs request monetary damages as well as declaratory and injunctive relief.

I.      Jurisdiction and Venue

The parties agree that jurisdiction is predicated upon the existence of a federal question and 28 U.S.C. § 1332.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear Plaintiffs' state law claims.  Venue is predicated upon allegations that the acts complained of occurred within this division of this district.

II.     Jury

Plaintiffs have timely demanded a jury trial on all issues.

III.    Facts

A.      *Undisputed Facts*

1.      Defendant Fort Washington II, a California General Partnership, was at all relevant times the owner and operator of the Fort Washington II Apartments.

2.      The Fort Washington II Apartments is an apartment complex comprised of 224 units located at 455 E. Nees Street and 7722 N. Angus Street, Fresno, California (jointly, the "Fort Washington II Apartments").

3.      Defendant Fort Washington II, at all applicable times, was engaged in the business of renting units at the Fort Washington II Apartments to members of the public.

4.      Defendant Fort Washington II employed managers to assist in the operation of the Fort Washington II Apartments.

5.      Defendant David S. Siegel & Co., Inc., was employed by Defendant Fort Washington II to manage the Fort Washington II Apartments.

6.      Defendant David S. Siegel & Co., Inc., at all relevant times, was responsible for the hiring and supervision of all employees who worked at Fort Washington II Apartments.

2

7.     On or about, September 16, 2004, Plaintiffs Tiffany Pack-Lo and Chengkou Lo leased 455 E. Nees Avenue, #142, Fresno, California, from Defendant Fort Washington II Apartments.

8.     During the entire time that Plaintiffs Tiffany Pack-Lo and Chengkou Lo lived at the Fort Washington II Apartments, their minor children, C.P. and C.P., were domiciled with them.

9.     During the entire time that Plaintiffs Tiffany Pack-Lo, Chengkou Lo, and their children resided at the Fort Washington II Apartments, Defendant David S. Siegel & Co., Inc., managed the Fort Washington Apartments.

10.    The Pack-Los were given a copy of the Lease Rules and Regulations at the inception of their tenancy.

11.    The Lease Rules and Regulations contained the following rule: "Supervision problems will be grounds for eviction. All children 10 and under must be supervised by an Adult while outside."

12.    The Lease Rules and Regulations contained the following rule: "Persons under the age of 18 must abide by the set curfew of 10:00 P.M."

13.    The Lease Rules and Regulations contained the following rule: "It is understood and agreed to by the parties that the Landlord prohibits bicycle riding, skateboarding, rollerblading, and skating along the common area sidewalks, walkways, and parking areas."

14.    The Pack-Los were given a copy of the Pool/Spa Rules at the inception of their tenancy.

15.    The Pool/Spa Rules contained the following rule: "Children under the age of 14 years old must be accompanied by their parent or legal guardian at all times."

16.    The Pack-Los were given a copy of the Clubhouse Rules and Regulations at the inception of their tenancy.

3

17. The Clubhouse Rules and Regulations contained the following rule: "No persons under the age of 18 will be allowed to use the facility under any circumstances without ADULT, RESIDENT supervision."

18. The Clubhouse Rules and Regulations contained the following rule: "No one under the age of 12 is allowed to use the Pool Table under any circumstances at any time."

19. On May 9, 2005, Anny Dodd became the onsite manager at Fort Washington II Apartments.

20. Anny Dodd was hired by David S. Siegel & Co., Inc., to serve as the onsite manager at the Fort Washington II Apartments.

21. David S. Siegel & Co., Inc., set Anny Dodd's compensation.

22. At all relevant times, Roxean Defendis was employed by Defendant David S. Siegel & Co., Inc.

23. At all relevant times, Roxean Defendis was Anny Dodd's immediate supervisor at the Fort Washington II Apartments.

24. Anny Dodd continued to work as the onsite manager through the remainder of the Pack-Los' tenancy at the Fort Washington II Apartments.

25. The Fort Washington II Apartments, at all relevant times, were occupied as a residence by one or more families.

26. On August 30, 2005, Defendants served on Plaintiffs Tiffany Pack-Lo and Chengkou Lo a notice that stated, among other things, "Do not allow children to draw on the walkways."

27. On or about September 2, 2005, Plaintiffs received a second notice from Anny Dodd, which was dated August 30, 2005, and stated, among other things, "Do not allow children to draw on the walkways. You need to comply with this request immediately."

28. In or around August 2005, Plaintiffs discovered mold in the closet of one of the bedrooms of their unit and complained to Defendants about the mold.

4

29.   Plaintiffs' Exhibit No. 21 (October 29, 2005, Fort Washington II Apartment Notice of Non Compliance) was served a second time on Plaintiffs on November 2, 2005. The notice declared: "Breach of other: Do not permit children to draw on walk."

30.   On or about November 4, 2005, Anny Dodd served a notice upon Plaintiffs that accused them of the following violations: 1) permitting their children to draw on walkways; 2) Plaintiffs' dog barking; and 3) using their backyard as a storage facility.

31.   Roxean Defendis remembers possibly seeing Plaintiffs' Exhibit No. 23, which is the letter that Plaintiff Tiffany Pack-Lo wrote on November 5, 2005, to Defendant Fort Washington II.

32.   After meeting with Tiffany Pack-Lo, Roxean Defendis sent an email to Anny Dodd on November 7, 2005, stating: "[Mrs. Pack-Lo] was quite upset and I was attempting to salvage her as a tenant for you. It now occurs to me that possibly you do not want to retain her tenancy. We can discuss the matter tomorrow (Tuesday)."

33.   On November 10, 2005, Defendants served upon Plaintiffs Tiffany Pack and Chengkou Lo a Sixty Day Notice of Termination of Tenancy.

34.   Defendants caused a Sixty Day Notice to Terminate Tenancy, which was dated November 10, 2005, to be posted to Plaintiffs' front door on November 10, 2005.

35.   Plaintiffs Tiffany Pack-Lo and Chengkou Lo resided at the Fort Washington II Apartments with their minor children until November 30, 2005.

B.   *Disputed Facts*

1.   Whether or not Defendants subjected families with children at the Fort Washington Apartments to different treatment from adult-only households.

2.   Whether or not Defendants were aware of the City of Fresno's Code Enforcement officer's visit to the Plaintiffs' apartment on November 10, 2005, prior to their issuance to Plaintiffs of the Sixty Day Notice to Terminate Tenancy.

3.   Whether or not Defendants forbade children at the Fort Washington II Apartments from playing in front of their apartments in the common areas.

1   4.   Whether or not the service of the Sixty Day Notice to Terminate Tenancy damaged
2        Plaintiffs.
3   5.   Whether or not Defendants failed to remediate the mold within Plaintiffs' unit before
4        they vacated the unit.
5   6.   Whether or not during Roxean Defendis's inspection of Plaintiffs' unit on November
6        7,
7        2005, Tiffany Pack-Lo gave a copy of the letter (Plaintiffs' Exhibit No. 23) to Ms.
8        Defendis.
9   7.   Whether or not Anny Dodd prepared the Sixty Day Notice to Terminate Tenancy with
10       Roxean Defendis' approval.
11  8.   Whether or not Plaintiff Tiffany Pack-Lo's November 5, 2005, letter to Defendant
12       Fort Washington II complained about unlawful discriminatory treatment.
13  9.   Whether or not Anny Dodd required all children 17 years and under to be supervised
14       by an adult if they were in the common area when she became the onsite manager at
15       Fort Washington II Apartments on May 9, 2005.
16  10.  Whether or not there was a rule at the Fort Washington II Apartments that forbid
17       children from drawing with chalk on the sidewalks.
18  11.  Whether or not on or about November 7, 2005, Roxean Defendis inspected Plaintiffs'
19       unit in Mrs. Pack-Lo's presence and observed, among other things, the mold within
20       Plaintiffs' unit.
21  12.  Whether or not Roxean Defendis assured Mrs. Pack-Lo that the mold in her unit
22       would be taken care of.
23  C.   *Disputed Evidentiary Issues*
24       Plaintiffs intend to file a motion in limine related to the qualifications of Defendants' expert,
25  Robert Griswold, as well as the adequacy of Defendants' expert witness report.
26  IV.  Specific Factual Information
27       None.
28

V.     Relief Sought

Plaintiffs seek compensatory and punitive damages, as well as declaratory and injunctive relief.

Defendant seeks dismissal of the complaint in its entirety, with prejudice.

VI.    Points of Law

A.     *Plaintiffs' Points of Law*

This action seeks monetary, declaratory, and injunctive relief against Defendants for discriminating against families with children in the operation of the Fort Washington II Apartments based on familial status and for coercing, intimidating, threatening, retaliating, or interfering with Plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 et seq., California Government Code §12955 et seq., California's Unruh Civil Rights Act, California Civil Code §51 et seq., and California Business & Professions Code §17204.

B.     *Defendants' Points of Law*

Defendants submit that their rules are not in violation of the above-referenced statutes. Defendants' rules were created for the safety and quiet enjoyment of all tenants rather than a discriminatory preference against families. Furthermore, Defendants did not retaliate against Plaintiffs for their complaints to the City of Fresno regarding maintenance issues as Defendants made many efforts to fix Plaintiffs' apartment but were not allowed access. Additionally, Defendants were not aware of the complaints to the City of Fresno at the time of serving the 60-day notice, thus again invalidating Plaintiffs' claim. Finally, Defendants served Plaintiffs with a 60-day notice for safety reasons when Defendants determined that Mrs. Pack-Lo was a possible threat to the office staff at Fort Washington II. Defendants request the court to take judicial notice of its opposition to Plaintiffs' motion for summary judgment pursuant to F.R.C.P. 201.

1   VII.    <u>Previous Motions/Abandoned Issues</u>

2          Plaintiffs abandon their claim for negligence and their claims of fair housing discrimination to

3   the extent that the violations were based on race and/or national origin.

4   VIII.   <u>Witnesses</u>

5          A.    *Plaintiffs' Witnesses*

6          Tiffany Pack-Lo

7          Chengkou Lo

8          Anny Dodd

9          Roxean Defendis

10         David S. Siegel

11         Custodian of Records for David S. Siegel & Co., Inc.

12         Valerie Salinas

13         Richard Pack

14         Pat Pack

15         Yia Lo

16         Cindy Trippel

17         Jennifer Tabblett

18         James Tabblett

19         Rickey Mumm

20         Anoush Khodaverdian, M.D.

21         Custodian of Records for Anoush Khodaverdian, M.D.

22         Desirick Garcia

23         John Giannetta

24         Pei-Ling Chung

25         Rebecca Martinez

26         Custodian of Records for the Department of Fair Employment & Housing

27         Custodian of Records for Cameo Carpets

28

8

1      Custodian of Records for the City of Fresno

2      Custodian of Records of Jancyn

3      Lucy Grimaldi

4      Robert Jackson

5      Susan Harrison

6      Corina Vasquez

7      Suzanne Arias

8      Lenny Anderson

9      Marquie Harbor

10     Ayana Packard

11     B.      *Defendants' Witnesses*

12     Tiffany Pack-Lo

13     Chengkou Lo

14     Anny Dodd

15     Roxean Defendis

16     David S. Siegel

17     Custodian of Records for David S. Siegel & Co., Inc.

18     Valerie Salinas

19     Richard Pack

20     Pat Pack

21     Yia Lo

22     Cindy Trippel

23     Jennifer Tabblett

24     James Tabblett

25     Rickey Mumm

26     Anoush Khodaverdian, M.D.

27     Custodian of Records for Anoush Khodaverdian, M.D.

28
                                            9

1      Desirick Garcia

2      John Giannetta

3      Pei-Ling Chung

4      Rebecca Martinez

5      Custodian of Records for the Department of Fair Employment & Housing

6      Custodian of Records for Cameo Carpets

7      Custodian of Records for the City of Fresno

8      Custodian of Records of Jancyn

9      Lucy Grimaldi

10     Robert Jackson

11     Susan Harrison

12     Corina Vasquez

13     Suzanne Arias

14     Lenny Anderson

15     Marquie Harbor

16     Ayana Packard

17     Connie Woods

18     Alex Ortiz

19     Claude Ofstad

20     Rick Sandoval

21     Person Most Knowledgeable at California Industrial Services regarding security patrol and

22          interactions at Fort Washington II with Plaintiffs

23     Donald Helmen

24     James Okamoto

25     Counsel are each ordered to submit a list of witnesses to the Court, along with a copy for use

26 by the Court and a copy for use by the Court Clerk, on the same date and at the same time as the list

27 of exhibits are to be submitted as ordered below.  No witness in addition to those listed in this

28                                          10

pre-trial order may be added to the list or called at trial without leave of Court after a finding of good cause.

IX.     Local Rule 16-281(b)(11) - Exhibits, Schedules and Summaries

The following is a list of documents or other exhibits that the parties expect to offer at trial. Only exhibits listed in this Pre-Trial Order shall be admitted at trial, except as may be otherwise provided by order of Court, after a showing of good cause.

A.     *Plaintiffs' Exhibits*

1.     September 16, 2004, Fort Washington Lease Agreement

2.     September 16, 2004, Fort Washington Rules and Regulations

3.     September 16, 2004, Addendum to Lease Rules and Regulations

4.     September 16, 2004, Addendum #2 to Lease Rules and Regulations

5.     September 16, 2004, Acknowledgment of Liability & Responsibility Regarding Satellite Dishes

6.     September 16, 2004, Pool/Spa Rules

7.     Pesticide Disclosure Law

8.     September 16, 2004, Fort Washington II Management Acknowledgment of Pest Control Addendum to Rental Agreement/Lease

9.     September 16, 2004, Smoke Detector Addendum

10.    September 16, 2004, Job Transfer Clause

11.    September 16, 2004, Fort Washington Clubhouse Rules and Regulations/Fitness Room & Equipment Disclaimer

12.    September 16, 2004, Mold Notification Addendum

13.    September 16, 2004, Fort Washington II Apartments Heating System

14.    September 16, 2004, Move-Out Condition Addendum

15.    September 16, 2004, Pet Agreement

16.    August 30, 2005, Notice From Anny Dodd

17.    August 30, 2005, Notice (2) From Anny Dodd

11

18.     September 16, 2005, Maintenance Request and Work Order

19.     October 2005 Letter From Tiffany Pack to Fort Washington II Management

20.     October 14, 2005, Notice to Tiffany Pack From Fort Washington II Staff

21.     October 29, 2005, Fort Washington II Apartment Notice of Non-Compliance

22.     November 2005 Fort Washington II Apartments Notes and News

23.     November 5, 2005, Letter From Tiffany Pack to Fort Washington II Management

24.     November 10, 2005, Sixty Day Notice of Termination of Tenancy

25.     November 2005 Memorandum From Tiffany Pack to Fort Washington II

26.     November 14, 2005, Handwritten Notes of Alex O.

27.     November 17, 2005, Handwritten Notes of Alex O.

28.     Handwritten Notes of Anny Dodd

29.     November 30, 2005, Move-Out Itemized Statement

30.     November 30, 2005, Letter From Tiffany Pack to Fort Washington II Apartments

31.     December 16, 2005, Statement of Security Deposit Disposition

32.     December 16, 2005, Receipt from F. C. Cleaning

33.     Receipt for Repairs to 142 Nees

34.     Picture of Fort Washington Apartments

35.     Picture of Fort Washington Apartments

36.     Picture of Fort Washington Apartments

37.     Picture of Fort Washington Apartments

38.     Picture of Fort Washington Apartments

39.     Picture of Fort Washington Apartments

40.     Picture of Fort Washington Apartments

41.     Picture of Fort Washington Apartments

42.     Picture of Fort Washington Apartments

43.     Picture of Fort Washington Apartments

44.     Picture of Fort Washington Apartments

45. Picture of Fort Washington Apartments

46. Picture of Fort Washington Apartments

47. Picture of Fort Washington Apartments

48. Picture of Fort Washington Apartments

49. Picture of Fort Washington Apartments

50. Picture of Fort Washington Apartments

51. Picture of Fort Washington Apartments

52. Picture of Fort Washington Apartments

53. Corporation Grant Deed for Fort Washington II Apartments

54. Medical File of Charlie Pack-Lo

55. November 17, 2005, letter from Desirick Garcia to Fort Washington II

56. November 17, 2005, Inspection Correction Notice

57. Department of Fair Employment & Housing Case File

58. November 7, 2005, email from Roxean Defendis to Anny Dodd

59. Interrogatories to Siegel & Company, Inc., Set No. One

60. Responses of Siegel & Company, Inc., to Interrogatories, Set No. One

61. First Supplemental Responses of Siegel & Company, Inc., to Interrogatories, Set No. One

62. August 20, 2009, Excerpt from Siegel & Company's Webpage

63. Reserved

64. Fort Washington Complex Map

65. November 17, 2005, Letter From City of Fresno to Fort Washington II

66. April 26, 2005, Email From Roxean DeFendis to Anny Dodd

67. May 30, 2007, Evaluation Shop of Fort Washington II

68. R & S Management Property Management Agreement

69. Dissolution Agreement for R&S Management

70. Minutes of Action of Board of Directors of David S. Siegel & Co., Inc.

1  71. November 28, 2005, Letter from Anny Dodd to City of Fresno

2  72. City of Fresno Case History Report

3  73. §15:1 of Housing Discrimination, Law and Litigation (2009)

4  74. Plaintiffs' First Request for Production of Documents to Defendant Fort Washington

5     II (Excerpt)

6  75. Defendant Fort Washington II's Responses to Requests for Production of Documents,

7     Set No. One (Excerpt)

8  76. Department's First Set of Interrogatories to Fort Washington II

9  77. Response of Fort Washington II to Department's First Set of Interrogatories

10     (mistakenly entitled, "Response to Form Interrogatories)

11  78. Plaintiffs' First Request for Production of Documents to Defendant Fort Washington

12     II (Entire Document)

13  79. Defendant Fort Washington II's Responses to Requests for Production of Documents,

14     Set No. One (Entire Document)

15  78. J&D Properties Policies and Procedures Manual

16  79. November 3, 2005, Maintenance Request and Work Order

17  80. January 3, 2005, Work Order

18  81. November 7, 2005, Memo From Tiffany Pack to Fort Washington II Management

19  82. Cameo Carpets File Re Packs' Apartment

20  83. Articles of General Partnership

21  84. Amendment to Articles of General Partnership Re: Withdrawal of Partner

22  B. *Defendants' Exhibits*

23  1. September 16, 2004, Fort Washington Lease Agreement

24  2. September 16, 2004, Fort Washington Rules and Regulations

25  3. September 16, 2004, Addendum to Lease Rules and Regulations

26  4. September 16, 2004, Addendum #2 to Lease Rules and Regulations

27

28          14

5.  September 16, 2004, Acknowledgment of Liability & Responsibility Regarding Satellite Dishes

6.  September 16, 2004, Pool/Spa Rules

7.  Pesticide Disclosure Law

8.  September 16, 2004, Fort Washington II Management Acknowledgment of Pest Control Addendum to Rental Agreement/Lease

9.  September 16, 2004, Smoke Detector Addendum

10. September 16, 2004, Job Transfer Clause

11. September 16, 2004, Fort Washington Clubhouse Rules and Regulations/Fitness Room & Equipment Disclaimer

12. September 16, 2004, Mold Notification Addendum

13. September 16, 2004, Fort Washington II Apartments Heating System

14. September 16, 2004, Move-Out Condition Addendum

15. September 16, 2004, Pet Agreement

16. August 30, 2005, Notice From Anny Dodd

17. August 30, 2005, Notice (2) From Anny Dodd

18. September 16, 2005, Maintenance Request and Work Order

19. October 2005 Letter From Tiffany Pack to Fort Washington II Management

20. October 14, 2005, Notice to Tiffany Pack From Fort Washington II Staff

21. October 29, 2005, Fort Washington II Apartment Notice of Non-Compliance

22. November 2005 Fort Washington II Apartments Notes and News

23. November 5, 2005, Letter From Tiffany Pack to Fort Washington II Management

24. November 10, 2005, Sixty Day Notice of Termination of Tenancy

25. November 2005 Memorandum From Tiffany Pack to Fort Washington II

26. November 14, 2005, Handwritten Notes of Alex O.

27. November 17, 2005, Handwritten Notes of Alex O.

28. Handwritten Notes of Anny Dodd

| | | |
|---|---|---|
| 29. | November 30, 2005, Move-Out Itemized Statement |
| 30. | November 30, 2005, Letter From Tiffany Pack to Fort Washington II Apartments |
| 31. | December 16, 2005, Statement of Security Deposit Disposition |
| 32. | December 16, 2005, Receipt from F. C. Cleaning |
| 33. | Receipt for Repairs to 142 Nees |
| 34. | Picture of Fort Washington Apartments |
| 35. | Picture of Fort Washington Apartments |
| 36. | Picture of Fort Washington Apartments |
| 37. | Picture of Fort Washington Apartments |
| 38. | Picture of Fort Washington Apartments |
| 39. | Picture of Fort Washington Apartments |
| 40. | Picture of Fort Washington Apartments |
| 41. | Picture of Fort Washington Apartments |
| 42. | Picture of Fort Washington Apartments |
| 43. | Picture of Fort Washington Apartments |
| 44. | Picture of Fort Washington Apartments |
| 45. | Picture of Fort Washington Apartments |
| 46. | Picture of Fort Washington Apartments |
| 47. | Picture of Fort Washington Apartments |
| 48. | Picture of Fort Washington Apartments |
| 49. | Picture of Fort Washington Apartments |
| 50. | Picture of Fort Washington Apartments |
| 51. | Picture of Fort Washington Apartments |
| 52. | Picture of Fort Washington Apartments |
| 53. | Corporation Grant Deed for Fort Washington II Apartments |
| 54. | Medical File of Charlie Pack-Lo |
| 55. | November 17, 2005, letter from Desirick Garcia to Fort Washington II |

16

56. November 17, 2005, Inspection Correction Notice

57. Department of Fair Employment & Housing Case File

58. November 7, 2005, email from Roxean Defendis to Anny Dodd

59. Interrogatories to Siegel & Company, Inc., Set No. One

60. Responses of Siegel & Company, Inc., to Interrogatories, Set No. One

61. First Supplemental Responses of Siegel & Company, Inc., to Interrogatories, Set No. One

62. August 20, 2009, Excerpt from Siegel & Company's Webpage

63. Reserved

64. Fort Washington Complex Map

65. November 17, 2005, Letter From City of Fresno to Fort Washington II

66. April 26, 2005, Email From Roxean DeFendis to Anny Dodd

67. May 30, 2007, Evaluation Shop of Fort Washington II

68. R & S Management Property Management Agreement

69. Dissolution Agreement for R&S Management

70. Minutes of Action of Board of Directors of David S. Siegel & Co., Inc.

71. November 28, 2005, Letter from Anny Dodd to City of Fresno

72. City of Fresno Case History Report

73. §15:1 of Housing Discrimination, Law and Litigation (2009)

74. Plaintiffs' First Request for Production of Documents to Defendant Fort Washington II (Excerpt)

75. Defendant Fort Washington II's Responses to Requests for Production of Documents, Set No. One (Excerpt)

76. Department's First Set of Interrogatories to Fort Washington II

77. Response of Fort Washington II to Department's First Set of Interrogatories (mistakenly entitled, "Response to Form Interrogatories)

17

78. Plaintiffs' First Request for Production of Documents to Defendant Fort Washington II (Entire Document)

79. Defendant Fort Washington II's Responses to Requests for Production of Documents, Set No. One (Entire Document)

78. J&D Properties Policies and Procedures Manual

79. November 3, 2005, Maintenance Request and Work Order

80. January 3, 2005, Work Order

81. November 7, 2005, Memo From Tiffany Pack to Fort Washington II Management

82. Cameo Carpets File Re Packs' Apartment

83. Articles of General Partnership

84. Amendment to Articles of General Partnership Re: Withdrawal of Partner

85. The Fort Washington II tenant file for Tiffany Pack & Chengkou Lo while residing in Fort Washington II Apartments

86. Defendants' Demand for Production of Documents and Tangible Things, Set One (1) to Plaintiff Tiffany Pack

87. Plaintiff Tiffany Pack's Response to Demand for Production of Documents and Tangible Things, Set One (1)

88. Defendants' Request for Admission, Set One (1) to Plaintiff Tiffany Pack

89. Plaintiff Tiffany Pack's Response to Request for Admission, Set One (1)

90. Defendants' Special Interrogatories, Set One (1) to Plaintiff Tiffany Pack

91. Plaintiff Tiffany Pack's Response to Special Interrogatories, Set One (1)

92. Defendants' Demand for Production of Documents and Tangible Things, Set One (1) to Plaintiff Chengkou Lo

93. Plaintiff Chengkou Lo's Response to Demand for Production of Documents and Tangible Things, Set One (1)

94. Defendants' Request for Admission, Set One (1) to Plaintiff Chengkou Lo

95. Plaintiff Chengkou Lo's Response to Request for Admission, Set One (1)

18

96.     Defendants' Special Interrogatories, Set One (1) to Plaintiff Chengkou Lo

97.     Plaintiff Chengkou Lo's Response to Special Interrogatories, Set One (1)

98.     Defendants' Demand for Production of Documents and Tangible Things, Set One
        (1) to Plaintiff Cameron Pack Lo

99.     Plaintiff Cameron Pack Lo's Response to Demand for Production of Documents and
        Tangible Things, Set One (1)

100.    Defendants' Demand for Production of Documents and Tangible Things, Set One
        (1) to Plaintiff Charlie Pack Lo

101.    Plaintiff Charlie Pack Lo's Response to Demand for Production of Documents and
        Tangible Things, Set One (1)

102.    Deposition Transcript of Chengkou Lo taken March 23, 2009

103.    Deposition Transcript of Cindy Trippel taken September 2, 2009

104.    Deposition Transcript of Connie Woods taken September 2, 2009

105.    Deposition Transcript of David Siegel taken August 24, 2009

106.    Deposition Transcript of Pat Pack taken September 2, 2009

107.    Deposition Transcript of Richard Pack taken September 2, 2009

108.    Deposition Transcript of Rita Ann Ramsey taken August 24, 2009

109.    Deposition Transcript of Roxean Lorene De Fendis taken August 24, 2009

110.    Deposition Transcript of Tiffany Pack, Volume 1, taken October 21, 2008

111.    Deposition Transcript of Tiffany Pack, Volume 2, taken March 23, 2009

112.    Robert Griswold's Expert Report dated October 21, 2009.

X.    Discovery Documents

      A.    *Plaintiffs' Discovery Documents*

      Plaintiffs anticipate offering at trial the following answers to interrogatories: Defendant
Fort Washington II's responses to Interrogatories Nos. 3 and 4, which were served upon it by the
Department of Fair Employment & Housing.

B.     *Defendants' Discovery Documents*

Defendants anticipate offering all discovery propounded by Plaintiffs and Defendants. Additionally, Defendants anticipate providing all discovery responses provided by Plaintiffs and Defendants in the matter before the Court.

XI.     Further Discovery or Motions

Plaintiffs are not making any request for further discovery or pretrial motions.

Defendants intend to seek a Motion to Dismiss as to all of Plaintiffs' claims in addition to striking any and all of Plaintiffs' allegations regarding punitive damages

XII.     Stipulations

The parties stipulate to the authenticity and admissibility of the documents produced during the discovery process by the City of Fresno Code Enforcement Department and by the Department of Fair Employment & Housing.  As such, the parties will not have to call the respective custodians of records to admit the documents into evidence.  If necessary, the parties will, however, have to demonstrate the relevance of the documents before they will be admitted into evidence.

XIII.     Amendments/ Dismissals

Plaintiffs request that the First Amended Complaint be amended to change the name of Plaintiff Tiffany Pack to Tiffany Pack-Lo.

XIV.     Settlement

The parties believe that a further settlement conference would be helpful.  Therefore, the Court sets a settlement conference before the Honorable Sandra M. Snyder on January 11, 2010, at 10:30 a.m.

XV.     Further Trial Preparation

A.     Duty of Counsel to pre-mark exhibits

Counsel for the parties are ordered to confer no later than February 2, 2010, for purposes of pre-marking and examining each other's exhibits.  All Joint exhibits will be pre-marked with numbers preceded by the designation JT/ (e.g. JT/1, JT/2, etc.); all of the Plaintiff's exhibits will be pre-marked with numbers; all Defendants' exhibits will be pre-marked with letters.

1        1. At the time of such conference, each counsel shall have in his possession four (4)

2 complete, legible sets of exhibits, as follows:

3        (a) One (1) set to be delivered to the Courtroom Clerk, Ms. Mamie

4 Hernandez, no later than 4:30 p.m., on February 16, 2010.

5        (b) One (1) set to be delivered to Ms. Mamie Hernandez, for use of the Court

6 during trial by 4:30 p.m., on February 16, 2010.

7        (c) One (1) set to be delivered to counsel for the opposing party and one (1)

8 set to be delivered available for counsel's own use.

9        (d) Counsel may, if they desire, have a fifth set which could be used for the

10 purpose of questioning witnesses.

11        2. Counsel are to confer and to make the following determination with each of the

12 exhibits proposed to be introduced into evidence and prepare separate indexes one listing joint

13 exhibits and one listing each party's exhibits;

14        (a) Duplicate exhibits, i.e., any document which both sides desires to introduce

15 into evidence, will be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall

16 be listed separately on the index and shall be admitted into evidence on the motion of any party,

17 without further foundation.

18        (b) As to any exhibit which is not a joint exhibit to which there is no objection

19 to its introduction, the exhibit will likewise be appropriately marked, i.e., as Plaintiff's Exhibit 1, or

20 Defendants' Exhibit A in evidence, and will be indexed as such on the index of the offering party such

21 exhibits will be admitted upon introduction and motion of the party, without further foundation.

22        (c) Those exhibits as to which the only objection is a foundational objection,

23 will be marked appropriately, i.e., Plaintiff's Exhibit 2 - For Identification, or Defendants' Exhibit B -

24 For Identification, and indexed in a column entitled "Admissible But For Foundation."

25        (d) Those remaining exhibits as to which there are objections to admissibility,

26 not solely based on lack of foundation, will likewise be marked appropriately, i.e., Plaintiff's Exhibit 3

27

28

- For Identification, or Defendants' Exhibit C - For Identification, and indexed in a third column marked "Substantive Objections" on the offering party's index.

        3.  Each index shall consist of the description of the exhibit on the left-hand side of the page, and the three columns outlined above (as shown in the example below).

### INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
| --- | --- | --- | --- | --- |

      The completed indexes shall be delivered to the Court as outlined in (a) and (b) above.

      Obviously, originals of all of these documents cannot be located and offered into evidence. The Court has no objection to counsel using copies.  However, the copies must be legible.  If any document is offered into evidence that is partially not legible, the Court sua sponte will exclude it from evidence.

      B.    Discovery Documents

      Counsel are directed to file a list with the Courtroom Clerk at the same date and time as the witness and exhibit lists are lodged with the Courtroom Clerk.  A list of all discovery documents which counsel intend to use at trial, together with an indication of whether those discovery documents have previously been lodged with the Court, and if they have not been so lodged then together with the original and a copy for use by the Court during trial.

      C.    The Court anticipates there may be further disagreements involving both testimony and documentary evidence.  The Court will hold a Final Pre-Trial Conference and hearing on motions *in limine* in this matter on January 22, 2010, at 9:30 a.m., in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge, at which time all such evidentiary objections, to the extent possible, will be ruled upon, and all other matters pertaining to the conduct of the trial will be settled.  Points and authorities in support of motions *in limine* shall be filed no later than December 31, 2009, and opposition shall be filed no later than January 13, 2010.

      D.    During the trial of the case, it will be the obligation of counsel to meet with the Court each morning and advise the Court and opposing counsel as to what documents they propose to put

1    into evidence that have not previously been admitted by stipulation or Court order or otherwise ruled

2    upon.  The Court will rule on those documents to the extent possible prior to the commencement of

3    trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the

4    Court will rule as requested upon the receipt of such testimony.  It is not the custom of the Court to

5    recess the proceedings for protracted arguments out of the presence of the jury.  Proper preparation

6    by counsel can eliminate this time consuming practice.

7           E.       Consistent with this Order, and in order to make it operate efficiently and smoothly, it

8    will be the obligation of counsel to advise opposing counsel as to what witnesses they intend to call at

9    each session trial.  Hence, at the exhibit conference calendared above, Plaintiff's counsel shall deliver

10   to the Defendants' counsel the order in which they intend to call their witnesses on the day following

11   the day the conference occurs so that defense counsel may be prepared not only for cross-

12   examination, but also for the regular morning pre-trial conference with regard to exhibits they

13   propose to introduce through such witness.  Except as the Court may order upon a finding of good

14   cause, <u>only those witnesses named in this Pre-Trial Order shall be allowed to testify at trial</u>.

15          F.       Counsel's duty to aid Court in Jury *Voir Dire*.

16          Counsel shall submit proposed voir dire questions, if any, to the Clerk of the Court on or

17   before February 16, 2010, at 4:30 p.m.

18          In order to aid the Court in the proper *voir dire* examination of the prospective jurors, counsel

19   are directed to lodge with the Court the morning of trial a list of the prospective witnesses they

20   expect to call omitting witnesses listed in this Pre-Trial Order whom they no longer intend to call.

21   Such list shall not only contain the names of the witnesses, but their business and/or home address as

22   well.

23          G.       Counsel's duty to prepare and submit Jury Instructions.

24          Counsel are ordered to file with the Clerk of the Court on or before February 16, 2010, at

25   4:30 p.m., all of their proposed jury instructions.  Counsel are expected to be fully cognizant of the

26   legal issues involved in the case by the time the case is pre-tried at the Pre-Trial Conference, hence,

27   few, if any, instructions will be received after the foregoing date.

28

In selecting proposed instructions counsel shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.

All jury instructions will be in duplicate:

One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction.

One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition.

Counsel are ordered to confer on the subject of jury instructions (either at the Exhibit Conference or at some other convenient time prior to the date of Trial) and designate which instructions they agree should be given.  To the extent possible counsel should submit joint jury instructions, separate instructions may be submitted only when counsel disagree on whether an instruction correct, necessary or appropriate.   Joint Instructions will be submitted, in duplicate, as outlined above, as "Joint Instruction No. I", and so on.  The Court will, if it finds the instructions applicable, give such instructions without further research or discussion.

   I.  Agreed statement of the case.

Counsel are ordered to confer and prepare an agreed statement of the case to be read to the jury at the beginning of jury selection and trial.  The agreed upon statement of the case shall be submitted at the same time as proposed jury instructions and proposed voir dire questions.

XVI. Attorneys' Fees

In the event Plaintiffs prevail at trial, they will seek attorney's fees by filing a motion within 28 days of entry of final judgment in accordance with Local Rule 293.

XVII. Agreed Statements

None.

1  XVIII. Separate Trial of Issues

2          The amount of punitive damages will be tried in a second phase of the trial is necessary

3  XIX.    Reference to a Master

4          None.

5  XX.     Impartial Experts, Limitations of Experts

6          The Court declines to appoint an impartial expert if the Court excludes Defendants' expert

7  witness.

8  XXI.    Miscellaneous

9          None.

10 XXII.   Estimate of Trial Time

11         5 to 6 days.

12 XXIII.  Trial Date

13         February 23, 2010, Courtroom 9, at 9:00 a.m.

14

15         IT IS SO ORDERED.

16     **Dated:   December 22, 2009**            **/s/ Dennis L. Beck**
17                                           UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28                                          25