# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY PACK, et al., ) | 1:08cv0177 DLB |
| Plaintiffs, ) | |
| v. ) | ORDER GRANTING MOTION FOR APPROVAL OF MINORS' COMPROMISE |
| FORT WASHINGTON II, et al., ) al. ) | (Document 79) |
| Defendants. ) | |

Plaintiff/Petitioner Tiffany Pack-Lo filed the instant motion for approval of minors' compromise on January 19, 2010. The motion was heard on February 19, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Stuart Fagan appeared on behalf of Plaintiff/Petitioner Tiffany Pack-Lo. Plaintiff Chengkou Lo and the two minor Plaintiffs were also present. Defendants did not appear.

## BACKGROUND

There are two minors involved in this action: (1) Cameron Pack-Lo, female, age 7, through her Guardian ad Litem, Plaintiff Tiffany Pack-Lo; and (2) Charlie Pack-Lo, male, age 5, through his Guardian ad Litem, Plaintiff Tiffany Pack-Lo.

This action arises out the alleged discriminatory housing practices of Defendants Fort Washington II, dba Fort Washington II Apartments, and David S. Siegel & Company, Inc. Specifically, Plaintiffs Tiffany Pack-Lo, Chengkou Lo and the two minor Plaintiffs allege that they were discriminated against as a family with children during their 2004-2005 tenancy at Fort Washington II Apartments. Plaintiffs filed this action under the Fair Housing Act ("FHA") on

1

February 1, 2008. Pursuant to the First Amended Complaint filed on May 14, 2008, Plaintiffs alleged causes of action for (1) violation of the FHA; (2) violation of the California Fair Employment and Housing Act; (3) violation of the California Unruh Civil Rights Act; (4) unfair business practices under California Business and Professions Code section 17200; (5) negligence and (6) retaliatory eviction.

On December 30, 2009, the Court granted in part and denied in part Plaintiffs' motion for summary judgment. The Court found that certain rules and regulations implemented by Defendants discriminated against families with children.

Petitioner/Plaintiff Tiffany Pack-Lo filed the instant motion for approval of minors' compromise on January 19, 2010. Defendants filed a notice of non-opposition on February 2, 2010.

Petitioner seeks approval for a settlement payment of $100,000. Of that amount, $32,000 would be divided equally amongst the four family members. Each minor would therefore receive $8,000. The remaining $68,000[1] would be paid as attorneys' fees to Mr. Fagan. Declaration of Tiffany Pack-Lo ("Pack-Lo Dec."), ¶¶ 3,4.

## **DISCUSSION**

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
> . . .
> (2) . . . The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously

---

[1] Mr. Fagan agreed to reduce his fees by $67,647.23 to $68,000. Declaration of Stuart E. Fagan ("Fagan Dec."), ¶ 35.

2

been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) Payment of Judgment. Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor incompetent person.

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement." Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 15:138 (2009). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601.

The present petition includes the information required by this Court's Local Rule 202(b)(2) and (c) to address the details of the proposed compromise. Petitioner represents that she has made a careful investigation as to the responsibility for and the nature and extent of the minors' damages. Petitioner understands that compromise will forever bar and prevent the minors from seeking further recovery of compensation from the Defendants.

Petitioner explains that neither minor child required any medical or psychiatric treatment for the injuries they sustained. They show no signs of ongoing stress and are normal, young children. Although the children did not necessarily comprehend that they had been victims of

| | |
|---|---|
| 1 | housing discrimination, the family was forced to move during the 2005 holiday season. This was |
| 2 | stressful for the entire family. Pack-Lo Dec., ¶ 4. |
| 3 | Petitioner believes that this is a fair, reasonable settlement that is in the best interests of the |
| 4 | minor Plaintiffs. Pack-Lo Dec., ¶ 6. |
| 5 | Mr. Fagan also believes that this is a very reasonable settlement based on other settlements |
| 6 | and verdicts in fair housing cases and the perceived strengths and weaknesses of the witnesses' |
| 7 | anticipated testimony. Fagan Dec., ¶ 37. |
| 8 | Plaintiffs are represented by Mr. Fagan of the Law Offices of Stuart E. Fagan. Mr. Fagan |
| 9 | has not received any attorneys' fees or other compensation for services provided in this matter. |
| 10 | Pack-Lo Dec., ¶ 8; Fagan Dec., ¶ 6. |
| 11 | Mr. Fagan expects to receive attorneys' fees in the amount of $68,000. Mr. Fagan states |
| 12 | that he is a sole practitioner and has spent 368.5 hours on this matter since March 2006. Fagan |
| 13 | Dec., ¶ 6. He is in his 19th year of litigation and his hourly rate, through January 2010, was $350 |
| 14 | per hour. His current rate is $375 per hour. Fagan Dec., ¶ 4. Pursuant to the representation |
| 15 | agreement, Mr. Fagan agreed to pursue this action on a contingency basis based on his ability to |
| 16 | recover attorneys' fees under various federal and state statutes. Pack-Lo Dec., ¶ 9; Fagan Dec., ¶ |
| 17 | 6. Mr. Fagan has also advanced $6,095.87 in costs. After the reduction of $67,647.23 in fees |
| 18 | and costs, his net hourly rate would be $167.98. The Court finds the request for attorneys' fees |
| 19 | to be reasonable. |
| 20 | Pursuant to Petitioner's request, the settlement proceeds shall be deposited into an |
| 21 | interest-bearing FDIC or NCUA insured account, held in the name of said minor, until said minor |
| 22 | reaches the age of majority. All withdrawals will require Court approval. |

## **ORDER**

Based on the foregoing, the Court GRANTS the Request for Approval of Minors' Compromise. The funds SHALL be distributed as outlined above.

IT IS SO ORDERED.

Dated: **February 22, 2010**          **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

4